UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-CV-38-KSF

JOHN M. PRICE, JR.                                                                                           PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

RON BISHOP, ET AL.                                                                                       DEFENDANTS

Plaintiff John M. Price is confined in the Fayette County Detention Center, which is located at Lexington, Kentucky. Price, proceeding *pro se*, has filed a civil rights action in which he asserts various claims under 42 U.S.C. § 1983 [*See* Complaint, Record No. 2, and Amended Complaint, Record No.5].

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. § 1915(e)(2), a district court has authority to dismiss a case at any time if it determines either that the action is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.

NAMED DEFENDANTS

The original complaint [Record No. 2] was vague as to the identity of the defendant(s). The Clerk of the Court originally identified the defendant in this action as "the Fayette County

Department of Corrections." On February 6, 2009, the Court entered an Order directing Price to file an Amended Complaint in order to clarify the exact claims being asserted and the specific defendants being sued [*See* Order, Record No. 3].

On February 17, 2009, Price filed an "Amended Complaint" [Record No. 5]. In that filing, Price identified the defendants whom he is suing as: (1) Ronald Bishop, the Jailer of the Fayette County Detention Center; and (2) the Lexington Fayette Urban County Government ["LFUCG"]. Accordingly, the Clerk of the Court will be directed to "Terminate" the "Fayette County Department of Corrections" as a defendant and to substitute Ron Bishop and the LFUCG as defendants.[1]

## CLAIMS ASSERTED

Price asserted four separate claims which he states arose in January and February of 2009. First, in both his Complaint and Amended Complaint, Price alleged that his right of access to the court, protected by the First Amendment of the United States Constitution, had been violated. He alleged that specific FCDC employees had interfered with his *outgoing* legal mail.

Specifically, Price stated that on January 9, 2009, he placed a "Petition for Writ of Mandamus" in the FCDC mail system, to be sent to this Court for filing [Record No. 5, p.2]. Price explains that in his "Petition," he had asked this Court "to command the defendants to adhere to the state statute governing the time in which to deliver Plaintiff to the penitentiary for

---

[1] The Court is unaware of the existence of an entity known as "the Fayette County Department of Corrections." Price may be confusing the Kentucky Department of Corrections with the LFUCG.

timely revocation hearing."[Record No. 5, p. 3].[2] Price stated that he had styled his "Petition" as "John M. Price, Jr. v. Ron Bishop-Jonathan Webb-John Patano"[*Id*.].

Price alleged that Correctional Officer ["CO"] Randy Parker removed that "Petition" from the FCDC mail system, presumably in order to prevent its delivery to this Court [*Id*.]. CO Parker is not named as a defendant in this action. Price also alleges that an unidentified FCDC mail clerk participated in the unauthorized removal of his "Petition" from the mail [*Id*.] Price described the action as a knowing and malicious obstruction of the mail [*Id*.].

Second, Price asserted a related claim alleging interference with his *incoming* legal mail. Price asserted a related claim alleging that his incoming legal mail had been opened by un-identified persons prior to his receipt of same [*Id*., p3.]

Third, Price alleges that he was denied access to his records at the FCDC. It is not clear who he claims was responsible for this action. Price described this claim as follows:

> "**the defendant** also denied his right to due process when **they** refuse {sic} to comply with my requet {sic} to inspect records relating to incidents relating to myself."

[Record No. 5, p.3 (emphasis added)].

---

[2]

Although Price is not clear in his meaning, he may be referring to KRS 532.100 (7), which states as follows:

. . . .
**(7)** State prisoners, excluding the Class D felons and Class C felons qualifying to serve time in county jails, shall be transferred to the state institution within forty-five (45) days of final sentencing.

The Court bases this assumption on Price's statement that although he is a prisoner in the custody of the Kentucky Department of Corrections, he is confined in the FCDC [Record No. 5, p.5].

3

Fourth, Price alleges that a correctional officer whom he identified as "CO Ray" interfered with, listened in, or proceeded to overtake, a private phone-call which he (Price) had placed to his attorney, Hughes-Coleman [*Id.*, and at p. 6] . Price alleges that CO Ray invaded his right to privacy by taking this action. CO Ray is not named as a defendant in this action.

RELIEF REQUESTED

Price seeks punitive damages in the amount of $60,000.00. He also seeks unspecified injunctive relief from this Court, in the form of an Order directing the defendants "to promulgate regulations that aren't so ambiguous-onerous upon the inmates" [Record No. 5, p.8].

DISCUSSION
1. Claims Against the FCDC

To the extent that Price might be asserting a construed claim against the entity known as the FCDC, that claim fails. The FCDC is not a "person" subject to suit under § 1983, because municipal departments, such as jails, are not suable under § 1983. *See Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir.1991) (holding that a police department may not be sued under § 1983); *Marbry v. Corr. Med. Serv.,* 238 F.3d 422, *2 (Table) (Unpublished Disposition) (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *Coffey v. Miami County Jail*, 2007 WL 316262, 2 (S. D. Ohio, 2007) (the Miami County Jail is neither a "person" under § 1983 nor an entity capable of being sued under § 1983); and *Penwell v. Markham*, 2008 WL 5169566, 1 (W. D. Ky., December 9, 2008 ) (Only Westlaw Citation available) (the Crittenden County Detention Center is not a "person" subject to suit under § 1983 because municipal

4

departments, such as jails, are not suable under § 1983).[3] Coffey's claims against the FCDC will be dismissed with prejudice.

## 2. Claims Against the LFUCG

In the Amended Complaint, Price specifically named the LFUCG as a defendant. The LFUCG is the governing body of Fayette County. The claim against the LFUCG also lacks merit. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978), the Supreme Court "conclude[d] that a municipality cannot be held liable solely because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under §1983 on a respondeat superior theory." *Id*. at 691. *Monell* holds that there must be a direct causal link between a county policy and the alleged constitutional violation such that the county's deliberate conduct can be deemed the moving force behind the violation. *Id*.

In order "[t]o establish municipal liability pursuant to §1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [ ] visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels.'"*Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir.2003) (quoting *Monell*, 436 U.S. at 690-91), *cert. denied*, 541 U.S. 1041 (2004).  *See also Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct.

---

[3] Case law from other jurisdictions reaches the same result. *See De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436, 437 (8th Cir.2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992); and *Ferguson v. Dallas County Jail*,1997 WL 86459, at *1 (N. D. Tex. Feb. 26, 1997) (noting that the county jail lacks separate jural existence and is not a separate entity subject to suit).

1292 (1986) ("A municipality may be held liable under §1983 for a rights violation when either the municipality had an unlawful policy or practice that caused the rights violation, or a municipal 'policymaker' directly caused the rights violation.").

Price has not alleged the existence of such a pattern or policy on the part of the LFUCG. He alleges only that specific FCDC employees violated his First and/ or Fifth Amendment rights. Specifically, he alleges that CO Parker and an unidentified mail room clerk interfered with his ingoing and outgoing mail. He alleges that CO Ray interfered with a phone call which he made to his attorney. Neither CO Parker nor CO Ray is named as a defendant to this action.

Price further broadly claims that "they" denied his request to review his inmate records at the FCDC, but he failed to identify who "they" are. If "they" are CO Parker and/or CO Ray, the Court again notes that these particular individuals are not named as defendants to this action.

Price's claims against the FCDC and/or its governing body, the LFUCG, will be dismissed with prejudice, for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915 (e)(2)(ii).

### 3. Claims Against FCDC Jailer Ron Bishop

In his Amended Complaint, Price named FCDC Jailer Ron Bishop as a defendant to this action. Price did **not**, however, allege that Jailer Bishop was personally involved in any complained-of actions. The doctrine of *respondeat superior* is not a basis of liability in a § 1983 civil rights action. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978); *Kesterson v. Luttrell*, 172 F.3d 48 (6th Cir.1998) (Table); *Jones v. City of Memphis*, 586 F.2d 622, 625 (6th Cir.1978).

In order to find supervisors liable, a plaintiff must allege that the supervisor condoned, encouraged or participated in the alleged misconduct. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989); *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241 (6th Cir. 1989), *cert. denied*, 110 S. Ct. 2173 (1990). A plaintiff must show "'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) (quoting *Bellamy v. Bradley*, 729 F.2d at 421).

Plaintiff Price has failed to allege personal involvement regarding FCDC Jailer Ron Bishop. The claims against FCDC Jailer Ron Bishop will be dismissed. 28 U.S.C. § 1915(e)(2)

CONCLUSION

Accordingly, **IT IS SO ORDERED**:

(1) The Clerk of the Court is directed to "Terminate" the "Fayette County Department of Corrections" as the defendant to this action and to substitute: (a) the Fayette County Detention Center Jailer Ron Bishop and (b) the Lexington Fayette Urban County Government as the proper defendants to this action.

(2) Plaintiff John M. Price's claims against the substituted defendants, Jailer Ron Bishop and the Lexington Fayette Urban County Government, are **DISMISSED WITH PREJUDICE**. The Clerk is directed to note in the CM/ECF docket sheet that the claims against these defendants are "Terminated."

(3) This action is **DISMISSED WITH PREJUDICE**, *sua sponte,* from the Court's active docket.

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This 31st day of March, 2009.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge